SCHWARTZ & BENJAMIN, INC., and Others, Plaintiffs, v. STEVE ALEXANDERSON, as President, etc., and Others, Defendants.*

Supreme Court, Kings County, December 31, 1929.

*Milton M. Eisenberg*, for the plaintiffs.

*J. Buitenkant*,, for the defendants.

DUNNE, J. Plaintiffs herein are manufacturers of shoes, located in the city of New York. Defendants are officers and representatives of an unincorporated association of workingmen in the ladies' shoes and footwear industry. Plaintiffs seek here temporary injunctions against the latter. A reading of the papers in the various motions reveals that the applications have been predicated upon similar facts generally. It appears that heretofore the plain-

* See, also, 138 Misc. 919.

tiffs and defendants entered into a contract, a part of which is as follows: " 3. It is further agreed between the firm and the union that all disputes and grievances shall be settled between representatives of the union and representatives of the firm. 4. It is further agreed that there shall be no strike, stoppage of work or lockout during the discussion of any dispute that may arise during the life of this agreement." It appears that a dispute did arise in regard to the continued employment of certain persons. Subsequently thereto, and in breach of the foregoing contract, defendants called a strike of the union of which they were officers.

For the purpose of reaching a proper determination in these motions, the court finds it unnecessary to pass upon the justification of the union in thus striking. It is possible that, had the means of engaging in the strike been confined within the limitations as laid down in *Exchange Bakery & Restaurant* v. *Rifkin* (245 N. Y. 260, 263), the result here reached might be different. However, a consideration of the voluminous affidavits submitted upon these motions convinces the court that the defendants, in conducting their strike, have passed beyond the realm of lawful conduct, and a continuance of the methods which have been employed by them cannot be countenanced. It appears that there has been intimidation of the plaintiffs' employees, and interference with prospective customers seeking ingress and egress to and from the places of business and other acts of grave violence. The court quotes a statement alleged to have been made by one of the defendants in addressing a group of shoe workers, as indicative of the seriousness of the situatian here under scrutiny: " The only way to get results, as the gangsters and police are both paid by the bosses, is by giving them the same medicine that they give us. A fist for a fist, a club for a club and a gun for a gun. This will stop these strike-breakers and give the bosses the first real lesson that money will not scare us off." Plaintiffs seek to emphasize the fact that the defendants adhere to the doctrines of Communism. The mere adherence to any doctrine, unaccompanied by overt acts of violence or other illegalities, is no concern of this court. Even assuming that, as alleged, the defendants are self-confessed communists would not of itself preclude them from the benefit of the principles laid down in the *Exchange Bakery Case* (*supra*), provided their course of conduct was such as to give them the benefit thereof. However, that case is authority for the proposition that " ' picketing ' * * * may not be accompanied, however, by violence, trespass, threats, or intimidation, express or implied. No crowds may be collected on or near the employer's property. The free entrance of strangers, customers, or employees may not be impeded. There may be no threats — no statements oral or

written, false in fact, yet tending to injure the employer's business." Here the facts reveal that the conduct of the defendants has been other than peaceable, lawful and free from violence, intimidation and other oppressive tactics. Such conduct must be enjoined without regard to the social or economic theories or political affiliations of the defendants. " * * * Where unlawful picketing has been continued; where violence and intimidation have been used and where misstatements as to the employers' business have been distributed, a broad injunction prohibiting all picketing may be granted." (*Exchange Bakery* v. *Rifkin, supra.*) The court here is dealing with the facts of violence as disclosed, and the determination is made solely upon such facts, without regard to the political complexities which have been injected into the situation.

Motions granted.